# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
### CENTRAL DIVISION

**UNITED STATES OF AMERICA**                                     **PLAINTIFF**

v.                                   **No. 4:18-cr-247-DPM**

**LLOYD BOOTH**                                                   **DEFENDANT**
**Reg. No. 31971-009**

## ORDER

In 2018, Lloyd Booth pleaded guilty to being a felon in possession of a firearm. 18 U.S.C. § 922(g). The Court sentenced Booth to fifteen years' imprisonment — the statutory mandatory minimum for an armed career criminal. 18 U.S.C. § 924(e). Booth now seeks relief from his sentence. He says he didn't have three qualifying convictions to justify the enhanced sentence. A hearing isn't necessary. 28 U.S.C. § 2255(b); *Thomas v. United States*, 737 F.3d 1202, 1206 (8th Cir. 2013); *Winters v. United States*, 716 F.3d 1098, 1103 (8th Cir. 2013).

Booth's motion fails for three reasons. First, as the United States argues, the motion is untimely. Booth hasn't alleged a government impediment, a newly recognized and retroactive right, or facts that couldn't have been discovered by due diligence. 28 U.S.C. § 2255(f)(1)–(3). His petition was therefore due one year after his conviction and sentence became "final" within the meaning of the statute. 28 U.S.C. § 2255(f)(1). The Court entered Judgment on

20 September 2018. Because Booth didn't appeal, his conviction and sentence became final fourteen days later on 4 October 2018. *Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008). Booth had one year from that date to file his *habeas* petition. Instead, he filed his petition almost a full year late.

Second, even if the statute of limitations were tolled, Booth's motion would fail on the merits. Booth's main argument is that his convictions for possession with intent to deliver marijuana were not "serious drug offenses" because they weren't punishable by at least ten years' imprisonment. *Doc. 22 at 5*; 18 U.S.C. § 924(e)(2)(A)(ii). Booth is correct that, in the usual case, those are Class D felonies under Arkansas law and are therefore punishable by a maximum of six years' imprisonment. ARK. CODE ANN. § 5-4-401(a)(5). But Booth was charged and convicted as a habitual offender in each of those cases. Thus, the maximum penalty in his 2011 case was twelve years. ARK. CODE ANN. § 5-4-501(a)(1)(A) & (a)(2)(E). And the maximum penalty in his 2012 and 2014 cases was fifteen years. ARK. CODE ANN. § 5-4-501(b)(1)(A) & (b)(2)(E). Further, unlike the Defendant in *Newbold*—a case Booth cites—the felony information and judgment in each of Booth's cases make it clear that he was charged and sentenced as a habitual offender. *Doc. 25-8 to 25-13*; *United States v. Newbold*, 791 F.3d 455, 463 (4th Cir. 2015).

- 2 -

Finally, even if without the marijuana convictions, Booth still has three qualifying convictions under the ACCA: one for possessing cocaine with intent to distribute it and two for residential burglary. *Doc. 25-1 to 25-6*; *United States v. Sims*, 933 F.3d 1009 (8th Cir. 2019).

\*   \*   \*

Booth's § 2255 petition is untimely; and even if the statute of limitations were tolled, the petition would fail on the merits. It is therefore denied and will be dismissed with prejudice. *Doc. 22*.

So Ordered.

NPMarshall Jr.

D.P. Marshall Jr.
United States District Judge

2 November 2020

- 3 -